COPY

1  CHARLES N. SHEPHARD (SBN 078129)
   CShephard@GreenbergGlusker.com
2  RACHEL VALADEZ (SBN 252415)
   RValadez@GreenbergGlusker.com
3  GREENBERG GLUSKER FIELDS CLAMAN
   & MACHTINGER LLP
4  1900 Avenue of the Stars, 21st Floor
   Los Angeles, California 90067-4590
5  Telephone: 310.553.3610
   Fax: 310.553.0687
6
7  Attorneys for Plaintiff, SCG POWER
   RANGERS LLC

FILED
11 OCT 13 PM 2:17
CLERK US DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: ___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCG POWER RANGERS LLC,<br><br>Plaintiff,<br><br>v.<br><br>UNDERDOG ENDEAVORS, INC. dba MYPARTYSHIRT.COM; and DOES 1-10 inclusive.<br><br>Defendants. | Case No: **CV11-08485 JHN (VBKx)**<br><br>**COMPLAINT FOR**<br><br>**(1) COPYRIGHT INFRINGEMENT;**<br><br>**(2) VIOLATION OF LANHAM ACT § 43(a);**<br><br>**(3) FEDERAL TRADEMARK INFRINGEMENT; AND**<br><br>**(4) VIOLATION OF FEDERAL ANTI-DILUTION ACT**<br><br>**REQUEST FOR JURY TRIAL** |

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

76828-00004/1791734.3

COMPLAINT

Plaintiff SCG POWER RANGERS LLC ("SCG") alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.*, and the United States Lanham Act, 15 U.S.C. § 1125. Jurisdiction is based upon 28 U.S.C. §§ 1331, 1332, and 1338 and 15 U.S.C. § 1121(a).

2. Venue in this Judicial District is proper under 28 U.S.C. § 1391(b) and (c), in that a substantial part of the events giving rise to SCG's claims occurred in this Judicial District, and one or more defendants reside in this Judicial District within the meaning of 28 U.S.C. § 1391(c).

## THE PARTIES

3. SCG is a Delaware limited liability company which owns all intellectual property rights relating to the popular "Power Rangers" television series, brand, and related products. SCG's primary business is the licensing and merchandising of the Power Rangers brand. SCG's principal place of business is in Los Angeles County, California.

4. SCG is informed and believes, and based thereon alleges, that defendant Underdog Endeavors, Inc. is a corporation organized and existing under the laws of New York, doing business as Mypartyshirt.com ("Mypartyshirt"), including within this Judicial District. SCG is informed and believes Mypartyshirt is in the business of designing, manufacturing, reproducing, advertising, displaying, selling, distributing, and otherwise exploiting T-shirts and other merchandise, including T-shirts and other merchandise incorporating intellectual property relating to the "Power Rangers" television series. SCG is further informed and believes, and based thereon alleges, that Mypartyshirt solicits and sells said T-shirts and merchandise, including those incorporating "Power Rangers" television series

intellectual property, to customers in Los Angeles and throughout the world via the Internet and through various other delivery and distribution methods.

5. SCG is unaware of the true names and capacities of the defendants sued herein as Does 1 through 10, inclusive, and therefore sues these defendants by fictitious names. SCG will seek leave of this Court to amend this Complaint to allege their true names and capacities when ascertained. SCG is informed and believes, and based thereon alleges, that each fictitiously named defendant is responsible in some way for the design, manufacture, reproduction, advertisement, display, sale, distribution and/or other exploitation of T-shirts and other merchandise incorporating the Power Rangers intellectual property at issue in this Complaint, and is liable to SCG therefor. Mypartyshirt and Does 1 through 10 are sometimes referred to collectively herein as "Defendant(s)."

6. SCG is informed and believes, and based thereon alleges, that at all times relevant herein, each of the Defendants was the agent, servant, or employee of each other Defendant, and at all times relevant herein was acting within the scope of such agency.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

7. In or about 1993 SCG's predecessor in interest, Saban Entertainment, created and produced a new, live action children's television series featuring a team of costumed, teenage superheroes called the "Power Rangers." Although the Power Rangers series has evolved over the years, each "Power Rangers" season features a small group of teenagers who "morph" from ordinary people into powerful superhero alter-egos for the purpose of defeating evil forces threatening humanity. Once "morphed," the Power Rangers wear distinctive signature color-coded battle suits from which they take their respective names. Past seasons have included some combination of: Red, Yellow, Blue, Pink, Green, Black, White, and Gold Rangers.

8. The "Power Rangers" television series has been immensely popular with young audiences all around the world. To date, it has been broadcast over 19 seasons, spawned two theatrical films, and become a highly valuable merchandising franchise. Today, SCG owns all copyrights, trademarks, and other intellectual property rights associated with the "Power Rangers" series ("Power Rangers IP").

9. Included in the Power Rangers IP are copyrights relating to the artwork and design of the Power Rangers uniforms. The uniforms appear in the "Power Rangers" television series and are also depicted in a copyrighted style guide which SCG provides to its authorized licensees. The copyrights relating to the artwork and design of the Power Rangers uniforms shall be referred to hereafter as the "Uniform Copyrights." Also included in the Power Rangers IP are trademark and service mark registrations under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, in the "Power Rangers" name and Power Rangers character images (the "Power Rangers Marks").

10. SCG has complied in all respects with the copyright and trademark laws of the United States, and all other laws governing copyright and trademark, and is the owner of the exclusive rights and privileges in and to the Uniform Copyrights, the Power Rangers Marks, and the Power Rangers IP.

11. The Power Rangers IP has been widely licensed and merchandised in the United States and throughout the world. In the course of its licensing and merchandising activities, SCG and its licensees have expended significant effort and resources advertising and promoting the Power Rangers brand. SCG by itself, and though its authorized licensing agents, has licensed others to use the Power Rangers IP in connection with T-shirts, clothing, toys, books, videogames, records, posters, and various other types of merchandise.

12. SCG has developed a highly valuable goodwill in its Power Rangers IP. As a result of the extensive advertising and widespread distribution and success of SCG's "Power Rangers" television series and characters, and the advertising and

distribution of merchandise featuring Power Rangers IP, a secondary meaning has been created in the minds of the public throughout the United States, and throughout the world, by which the name and likeness of the Power Rangers have become strongly identified with SCG's particular characters, television series, and merchandise featuring those characters.

13. SCG is informed and believes, and based thereon alleges, that defendant Mypartyshirt has exploited the Power Rangers IP, including but not limited to the Uniform Copyrights and Power Rangers Marks, by, without limitation, designing, manufacturing, reproducing, advertising, displaying, selling, distributing, and otherwise exploiting T-shirts featuring the Power Rangers IP. SCG is further informed, and based thereon alleges, that Mypartyshirt operates and uses Internet websites at which customers can view and purchase T-shirts featuring the Power Rangers IP. SCG is further informed and believes, and based thereon alleges that Defendants may be exploiting other merchandise besides T-shirts without permission. SCG will amend this pleading to refer to such other merchandise if discovery confirms this is occurring.

14. Mypartyshirt has never sought from SCG, nor has SCG ever granted Mypartyshirt permission or consent to use the Power Rangers IP in connection with T-shirts.

15. By designing, manufacturing, reproducing, advertising, displaying, selling, distributing, and otherwise exploiting T-shirts featuring the Power Rangers IP, and contributing to the foregoing, Mypartyshirt has obtained for itself a benefit which is otherwise paid for by others, and has obtained valuable property rights belonging to SCG without having paid for them.

16. In or about June 2011, SCG discovered that Mypartshirt was exploiting T-shirts featuring the Power Rangers IP on its own, and third-party, websites. Representatives of SCG immediately sent Mypartyshirt several cease and desist letters, notifying Mypartyshirt that its activities infringed the Power Rangers

IP and demanding, among other things, that Mypartyshirt cease all infringing activities at once. Despite acknowledging receipt of SCG's June 2011 letter, SCG is informed and believes, and based thereon alleges, that Mypartyshirt has continued to sell and otherwise exploit T-shirts featuring the Power Rangers IP.

## FIRST CLAIM FOR RELIEF
### Against All Defendants For Copyright Infringement

17. SCG realleges and incorporates by this reference the allegations contained in paragraphs 1 through 16 as though they were fully set forth herein.

18. By, without limitation, designing, manufacturing, reproducing, advertising, displaying, selling, distributing, and otherwise exploiting T-shirts featuring the Power Rangers IP, and/or by authorizing and/or contributing to the foregoing, Defendants have infringed and will continue to infringe SCG's copyright interests in the Power Rangers IP, including without limitation, the Uniform Copyrights.

19. At least some, if not all of Defendants' acts were, and continue to be, committed willfully and knowingly.

20. As a result of Defendants' copyright infringement as alleged above, SCG has suffered and will continue to suffer injury and damage in an amount to be determined at trial. Furthermore, SCG is informed and believes, and based thereon alleges, that Defendants have received or will receive profits, gains, or other benefits from its infringing activities, all of which should be disgorged to SCG. In the alternative, SCG reserves the right to seek statutory damages for Defendants' intentional infringement of its copyrighted works.

21. Defendants' infringement of SCG's copyrighted works has caused and will cause irreparable harm to SCG which cannot be fully compensated by money. SCG had no adequate remedy at law. SCG is therefore entitled to preliminary and

1  permanent injunctive relief, preventing Defendants from continuing to infringe
2  SCG's copyrighted works.
3      22.   SCG has and will incur attorneys' fees in pursuing this action, which
4  fees SCG should recover from Defendants.

## SECOND CLAIM FOR RELIEF
### Against All Defendants For Violation Of
### Section 43(a) Of The Lanham Act

9      23.   SCG realleges and incorporates by this reference the allegations
10 contained in paragraphs 1 through 22 as though they were fully set forth herein.
11     24.   By, without limitation, designing, manufacturing, reproducing,
12 advertising, displaying, selling, distributing, and otherwise exploiting T-shirts
13 featuring the Power Rangers IP, Defendants have created confusion in the
14 marketplace and have falsely created the impression in the minds of the public that
15 SCG and its Power Rangers IP are associated or affiliated with Defendants, that
16 SCG is sponsoring or endorsing the T-shirts at issue, and/or that SCG has approved
17 or authorized Defendants' use of the Power Rangers IP. Such conduct is a violation
18 of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).
19     25.   Defendants did not engage in the foregoing conduct out of any sincere
20 or proper motive, but did so knowingly, willfully and oppressively, intending to
21 appropriate SCG's intellectual property to the detriment of SCG and to the
22 confusion of the public. Thus Defendants' misconduct constitutes a willful and
23 extraordinary violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)
24 and is an exceptional case within the meaning of Section 35 of the Lanham Act, 15
25 U.S.C. § 1117.
26     26.   As a direct and proximate result of Defendants' wrongful conduct,
27 SCG has been damaged and is entitled to recover Defendants' wrongful profits and

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

three times SCG's actual damages, plus SCG's attorneys' fees in this action, pursuant to 15 U.S.C. § 1117.

27. Defendants' violation of the Lanham Act has caused and will cause irreparable harm to SCG which cannot be fully compensated by money. SCG has no adequate remedy at law. SCG is therefore entitled to preliminary and permanent injunctive relief preventing Defendants from continuing to use SCG's Power Rangers IP, or any confusingly similar variations thereof, on any merchandise.

## THIRD CLAIM FOR RELIEF
### Against All Defendants For Federal Trademark Infringement

28. SCG realleges and incorporates by this reference the allegations contained in paragraphs 1 through 27 as though they were fully set forth herein.

29. SCG has registered trademarks in the "Power Rangers" name and the Power Rangers character images. Defendants' unauthorized use of the Power Rangers Marks on T-shirts creates confusion in the marketplace and constitutes an infringement of SCG's registered trademarks and a violation of 15 U.S.C. § 1114. SCG is informed and believes, and based thereon alleges, that Defendants were aware of SCG's Power Rangers Marks, and purposefully used the marks to trade on SCG's reputation and to take advantage of the goodwill and public recognition of the Power Rangers brand created by SCG and its licensees.

30. As a direct and proximate result of Defendants' trademark infringement, SCG has been damaged and is entitled to recover Defendants' wrongful profits and three times SCG's actual damages, plus SCG's attorneys' fees in this action, pursuant to 15 U.S.C. § 1117.

31. Defendants' trademark infringement has caused and will cause irreparable harm to SCG which cannot be fully compensated by money. SCG has no adequate remedy at law. SCG is therefore entitled to preliminary and permanent

injunctive relief preventing Defendants from continuing to use SCG's Power Rangers Marks, or any confusingly similar variations thereof, on any merchandise.

## FOURTH CLAIM FOR RELIEF
## Against All Defendants For Violation Of The
## Federal Anti-Dilution Law (15 U.S.C. § 1125(c))

32. SCG realleges and incorporates by this reference the allegations contained in paragraphs 1 through 31 as though they were fully set forth herein.

33. Defendants' use and exploitation of the Power Rangers Marks on T-Shirts has already diluted, and if repeated in the future, will continue to dilute, the distinctive quality of SCG's famous Power Rangers characters and marks.

34. SCG is informed and believes, and based thereon alleges, that Defendants' use of SCG's Power Rangers Marks was willful and intentional and was designed to take advantage of the goodwill and public recognition of the Power Rangers brand created by SCG and its licensees.

35. Accordingly, as a direct and proximate result of Defendants' wrongful conduct, SCG has been damaged and is entitled to recover Defendants' wrongful profits and three times SCG's actual damages, plus SCG's attorneys' fees in this action, pursuant to 15 U.S.C. § 1117.

36. Defendants' violation of the federal Anti-Dilution Law has caused and will cause irreparable harm to SCG which cannot be fully compensated by money. SCG has no adequate remedy at law. SCG is therefore entitled to preliminary and permanent injunctive relief preventing Defendants from continuing to use SCG's Power Rangers Marks, or any confusingly similar variations thereof, on any merchandise.

WHEREFORE, SCG prays for judgment on its Complaint as follows:

1.   On SCG's First Claim for Relief, for copyright infringement against all Defendants, for SCG's actual damages plus Defendants' profits in an amount to be determined at trial or, in the alternative, for statutory damages, plus SCG's attorneys' fees;

2.   On SCG's Second Claim for Relief, for violation of section 43(a) of the Lanham Act against all Defendants, the amount of Defendants' wrongful profits and three times all actual damages suffered by SCG by reason of Defendants' conduct in violation of the Lanham Act, plus SCG's attorneys' fees;

3.   On SCG's Third Claim for Relief, for trademark infringement against all Defendants, the amount of Defendants' wrongful profits and three times all actual damages suffered by SCG by reason of Defendants' trademark infringement, plus SCG's attorneys' fees;

4.   On SCG's Fourth Claim for Relief, for violations of the federal Anti-Dilution Act against all Defendants, the amount of Defendants' wrongful profits and three times all actual damages suffered by SCG by reason of Defendants' conduct in violation of the federal Anti-Dilution Act, plus SCG's attorneys' fees;

5.   On All Claims for Relief:

   a. For preliminary and permanent injunctive relief restraining and enjoining Defendants, their officers, agents, servants, employees, partners, subsidiaries, attorneys, and all persons acting in concert with any one or more of them, or on any of their respective behalves, from using SCG's Power Rangers IP, or any confusingly similar variations thereof, for advertising, merchandising or promotional purposes;

   b. For SCG's costs of suit herein; and

///
///
///

c. For such other and further relief as the Court may deem just and proper.

DATED: October 13, 2011

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By: _____
RACHEL VALADEZ (252415)
Attorneys for Plaintiff SCG POWER
RANGERS LLC

## REQUEST FOR JURY TRIAL

SCG hereby requests a jury trial on all issues so triable.

DATED: October 13, 2011

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By: _____
RACHEL VALADEZ (252415)
Attorneys for Plaintiff SCG POWER
RANGERS LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Jacqueline Nguyen and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

**CV11- 8485 JHN (VBKx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)         NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

CHARLES N. SHEPHARD (SBN 078129)
RACHEL VALADEZ (SBN 252415)
GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, CA 90067
Tel: (310) 553-3610
Fax: (310) 553-0687

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCG POWER RANGERS LLC<br><br>PLAINTIFF(S)<br><br>V.<br><br>UNDERDOG ENDEAVORS, INC. dba MYPARTYSHIRT.COM; and DOES 1-10 inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV11-08485 JHN (VBKx)<br><br>SUMMONS |

TO: DEFENDANT(S): UNDERDOG ENDEAVORS, INC. dba MYPARTYSHIRT.COM

   A lawsuit has been filed against you.

   Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Rachel Valadez, whose address is Greenberg Glusker Fields Claman & Machtinger LLP, 1900 Avenue of the Stars, 21st Floor, Los Angeles, CA 90067    . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: OCT 1 3 2011

Clerk, U.S. District Court

By: JULIE PRADO
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*